IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:15-CR-03099-MDH |
| | ) | |
| WAYNE DAVID BUSHOFSKY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced on August 31, 2017 to 138 months imprisonment following a guilty plea for conspiring to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. Under 18 U.S.C. § 3582(c)(2), a Court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023 the Sentencing Commission promulgated Amendment 821, which, in relevant part, downgraded the number of criminal history points a defendant receives from two to one, when the defendant commits the instant offense while under a criminal justice sentence. USSG § 4A1.1(e). Though somewhat unclear, Defendant appears to ask this Court to modify his sentence based on the amended criteria described in § 4A1.1(e). The § 4A1.1(e) amendments are, however, inapplicable to Defendant because his original sentence reflected no additional criminal justice points for committing the instant offense while under a criminal justice sentence. (Doc. 52

at ¶¶ 42-45). Defendant's Motion to Reduce Sentence is, therefore, **DENIED**. Defendant's request to appoint counsel is, therefore, **MOOT**.

**IT IS SO ORDERED**.

DATED: April 5, 2024                              */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**